FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2018 JAN 23 AM 11:51
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

CASE NO.

ORBITAL AUSTRALIA PTY LTD.,

    Plaintiff,

vs.

PFMAN, LLC D/B/A ORBITAL POWER,

    Defendant.
_____/

JURY TRIAL DEMANDED

8:18-cv-195-T-24JSS

## COMPLAINT

Plaintiff, Orbital Australia Pty Ltd. ("Orbital" or "Plaintiff"), by its attorneys, brings this Complaint against Defendant, Pfman, LLC d/b/a Orbital Power ("Defendant" or "Orbital Power") for (1) trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114; (2) false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a); (3) cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d); (4) common law unfair competition; and (5) common law trademark infringement; and states:

### SUMMARY OF THE ALLEGATIONS

1.    Orbital seeks injunctive relief, lost profits, damages, costs, and reasonable attorneys' fees for acts of trademark infringement, false designation of origin, unfair competition, and cybersquatting under the Lanham Act, 15 U.S.C. §§1051 et seq., and the laws of the State of Florida, based on, among other acts, Defendant's use of the mark ORBITAL POWER applied to goods and services related to engines and fuel systems for the unmanned aerial vehicle ("UAV") market, the same goods and services that Orbital offers under its ORBITAL mark.

114665298.1

2. Defendant's fraudulent and deceptive acts misappropriate Plaintiff's trademark and intellectual property and intentionally or recklessly injure Plaintiff's business reputation in violation of state and federal law. Defendant's actions principally involve the misuse of Plaintiff's trademark in connection with the offering of goods and services under the "Orbital Power" name.

3. As of the filing date of this Complaint, Defendant misuses and infringes Plaintiff's registered trademark ORBITAL, including through Defendant's marketing and offering of goods under the ORBITAL POWER mark in interstate commerce and through Defendant's website. These activities falsely suggest that Defendant's products are offered by or associated with Orbital, when in fact they are not.

4. Defendant's infringing activities deceive the public and cause injury to Plaintiff, which is a world-recognized leader in the UAV sector.

5. Defendant's deceptive acts have caused Plaintiff monetary damages and loss, as well as reputational harm to Plaintiff and its valuable trademark and trade name.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338(a).

7. This Court has supplemental jurisdiction over Plaintiff's claims that arise under the laws of the State of Florida pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Defendant has committed acts of infringement in this District and has a regular and established place of business in this District.

9. Personal jurisdiction exists over Defendant in this Court because: (a) Defendant regularly conducts business in this District and throughout this State, (b) Defendant has a regular

and established place of business in this District, (c) Defendant has committed, and continues to commit, acts of trademark infringement in this District and throughout this State; and (d) Defendant is organized under the laws of this State.

## PARTIES

10. Plaintiff, Orbital Australia Pty Ltd. is a corporation organized under the laws of Australia and has its principal place of business at 4 Whipple Street, Balcatta, Western Australia, 6021.

11. Defendant, Pfman, LLC d/b/a Orbital Power is a corporation organized under the laws of Florida with a regular and established place of business at 2280 Commerce Court, Bowling Green, Florida 33834.

## FACTUAL BACKGROUND

### Orbital's Mark and Business

12. Orbital invents and builds technology that delivers improved performance, safety, and productivity in the UAV sector.

13. Orbital is a world class leader in the technology, production, and design of UAV engines. Orbital has provided products and services to world-wide companies such as Insitu, a subsidiary of Boeing.

14. Orbital owns three U.S. trademark registrations for its inherently distinctive mark ORBITAL (the "Orbital Mark") in connection with engines, motors, and associated goods and services such as, fuel injection equipment, ignition systems, combustion engines, and engine management systems all relating to a range of engine applications including automotive, marine, and aeronautical applications. (*See* U.S. Reg. No. 2550193; 1869246; 1869225, attached as Exhibit A).

15. The Orbital Mark has been continuously used in connection with its products and business since at least as early as 1985.

16. Orbital's trademark registrations for ORBITAL are incontestable under 15 U.S.C. § 1065 due to Orbital's continuous use of the mark in commerce.

17. In 2016, Orbital's revenues exceeded eleven million dollars.

18. As a result of Orbital's marketing efforts, the ORBITAL Mark serves as a strong source identifier for Orbital's products.

### Defendant's Misuse of the Orbital Mark

19. On information and belief, Defendant expanded its business into the United States in 2009.

20. Defendant uses the mark ORBITAL POWER in connection with the advertising, marketing, development, and sale of engines that are used in UAVs.

21. According to the relevant WHOIS information, the domain name "orbitalpower.com" was registered ("Domain Name") on November 16, 2007.

22. Orbital and Defendant often appear at the same exhibitions where they showcase and market their products. The parties also sometimes compete to work on the same projects and jobs.

23. Without Orbital's permission or authorization, Defendant adopted the name Orbital Power, which is confusingly similar to and wholly incorporates the Orbital Mark. Defendant uses the mark ORBITAL POWER in connection with the advertising and sale of similar goods. In fact, Orbital and Defendant are direct competitors in the UAV sector.

24. Orbital became aware of Defendant's use of Orbital Power in May 2016.

25. Immediately thereafter, Orbital made multiple attempts to resolve this trademark dispute with Defendants, to no avail.

26. With actual notice of Orbital's prior rights and Orbital's objection to the ongoing use of ORBITAL POWER, Defendant elected to continue using its infringing mark in connection with its business and products.

27. Orbital's potential customers have experienced and expressed actual confusion as to whether Orbital and Defendant are related companies.

28. Due to the activities of Defendant in connection with the use of ORBITAL POWER, Plaintiff has suffered, is suffering, and will continue to suffer irreparable damage to its

4

reputation and the goodwill accumulated in the ORBITAL Mark unless Defendant is restrained by this Court. Plaintiff has no adequate remedy at law.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT

29. Orbital repeats and incorporates by reference the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30. Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant — use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant . . . ."

31. Defendant's acts of infringement in violation of Section 32 of the Lanham Act are malicious, fraudulent, willful, and deliberate.

32. Defendant has offered goods and services using a colorable imitation of Orbital's registered mark ORBITAL in connection with Defendant's products, business, and website without Orbital's permission. Such unauthorized use in commerce is likely to cause confusion or mistake or deception among prospective or actual customers and other members of the public, in violation of Section 32 of the Lanham Act. This likelihood of confusion is reflected by the actual confusion among consumers that has already taken place.

33. On information and belief, Defendant's acts of infringement in violation of Section 32 of the Lanham Act are malicious, fraudulent, willful, and deliberate.

34. On information and belief, Defendant's acts of trademark infringement have been committed with willful disregard that consumers would be confused and mistaken as to the source of Defendant's products.

35.  Defendant's acts of infringement in violation of Section 32 of the Lanham Act have inflicted, and if not enjoined will continue to inflict, irreparable harm on Orbital. Thus, Orbital has no adequate remedy at law.

36.  Pursuant to 15 U.S.C. § 1117, Orbital is entitled to recover damages in an amount to be determined at trial, including Defendant's profits, losses sustained by Orbital due to Defendant's conduct, and costs of the action. Furthermore, Defendant's actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Orbital to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT TWO
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

37.  Orbital repeats and incorporates by reference the allegations contained in Paragraphs 1 through 36 as if fully set forth herein.

38.  Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any good or services... uses in commerce any word, term, name, symbol.... or any false designation of origin... which is likely to cause confusion or to cause mistake, or to deceive as to affiliation... or as to origin, sponsorship, or approval of goods [or] services... shall be liable in a civil action."

39.  Defendant promotes, sells, and offers for sale engines for use with UAVs under the mark ORBITAL POWER, including to consumers in the same geographic market in which Orbital offers its products.

40.  Defendant's use of a confusingly similar imitation of the Orbital Mark is likely to cause confusion, deception, or mistake by creating the false and misleading impression that Defendant's business and services are affiliated, connected, or associated with Orbital and its website, business, and products.

114665298.1

41.     Defendant's ongoing actions demonstrate a malicious, intentional, willful, and bad faith intent to trade on Plaintiff's goodwill and to cause confusion, deception, and mistake by intentionally portraying a nonexistence affiliation or relationship between Orbital and Defendant.

42.     Defendant's actions have caused and are likely to cause substantial injury to the public and Orbital, its business, goodwill, and reputation.

43.     Orbital is entitled to injunctive relief and to recover Defendant's profits associated with the infringement and Orbital's costs.

## COUNT THREE
## CYBERSQUATTING

44.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 43 as if set forth fully herein.

45.     Defendant has registered, trafficked in, and is using a domain name, "orbitalpower.com," which includes, and is virtually identical or confusingly similar to the Orbital Mark. Defendant's Domain Name encompasses Plaintiff's Orbital Mark in its entirety, along with the generic wording "power." The Domain Name is also confusingly similar to Plaintiff's bona fide "orbitalcorp.com.au" domain name. Upon information and belief, the Orbital Mark was distinctive at the time Defendant registered and/or acquired Defendant's Domain Name.

46.     Defendant has and continues to have a bad faith intent to profit from the "Orbital Power" name and mark. Defendant has no trademark rights in the "Orbital Power" name and mark or any other mark incorporating the element "Orbital." Instead, on information and belief, Defendant intended to divert actual or potential customers away from Plaintiff's website to Defendant's own website for the purpose of causing confusion and exploiting and harming the goodwill of the Orbital Mark, all for Defendant's own commercial gain.

114665298.1

47. Defendant's aforementioned acts constitute cybersquatting in violation of 15 U.S.C. § 1125(d) (Section 43(d) of the Lanham Act).

48. As a result of Defendant's cybersquatting, Plaintiff has suffered injury to its business, goodwill, reputation, and profits, in an amount yet to be determined, and subject to a treble damages award pursuant to 15 U.S.C. § 1117. In addition, Plaintiff is informed and believes that Defendant has and will derive unlawful gains and profits as a result of their acts. Alternatively, Plaintiff is entitled to recover statutory damages.

49. This is an exceptional case and Plaintiff is entitled to recover its attorneys' fees pursuant to 15 U.S.C. § 1117.

50. Plaintiff is entitled to a transfer of the "orbitalpower.com" domain name.

51. Alternatively, the Court should order Defendant to forfeit the Domain Name or should order the Domain Name registration be cancelled.

52. If the aforesaid acts are permitted to continue, further loss and damage and irreparable injury will be sustained by Plaintiff, for which Plaintiff has no adequate remedy at law. Injunctive relief against such continued conduct by Defendant should be granted pursuant to this Court's authority under 15 U.S.C. §§ 1116 and 1118.

## COUNT FOUR
## COMMON LAW TRADEMARK INFRINGEMENT

53. Orbital repeats and incorporates by reference the allegations contained in Paragraphs 1 through 52 as if fully set forth herein.

54. This claim arises under the common law of the State of Florida.

55. Defendant's aforementioned acts constitute trademark infringement in violation of Florida common law.

56. Defendant has used confusingly similar imitations of the Orbital Mark with full knowledge of Orbital's rights therein and with the willful and calculated purpose of harming or trading on Orbital's established goodwill and business reputation.

57. Defendant's conduct constitutes infringement of Orbital's common law rights to its mark and has damaged and will continue to irreparably damage Orbital's goodwill and reputation unless enjoined by this Court.

58. Unless Defendant is enjoined, Orbital has no adequate remedy at law.

## COUNT FIVE
## COMMON LAW UNFAIR COMPETITION

59. Orbital repeats and incorporates by reference the allegations contained in Paragraphs 1 through 58 as if fully set forth herein.

60. This claim arises under the common law of the State of Florida.

61. Defendant's aforementioned acts constitute unfair competition in violation of Florida common law.

62. Defendant has engaged in unfair competition through its reliance on consumer mistake and confusion and its deliberate efforts to diminish the goodwill represented by the Orbital Mark.

63. Despite Defendant's awareness of Orbital's trademark and business, Defendant continues to use the ORBITAL POWER mark in connection with its business and products, knowingly causing a likelihood of confusion among consumers.

64. As a proximate result of Defendant's actions, Orbital has suffered and will continue to suffer great damage to its business, goodwill, reputation, and profits.

65. Orbital has no adequate remedy at law. Unless Defendant is enjoined, Orbital will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

Orbital respectfully requests that the Court enter judgment against Defendant as follows:

A. A finding that Orbital's trademark rights in ORBITAL have been infringed by Defendant;

B. An injunction against further infringement of Orbital's Mark or any variant thereof;

C. An award of all damages sustained by Orbital by reason of Defendant's acts of trademark infringement, false designation of origin, and other tortious conduct;

D. An award of all damages sustained by Orbital by reason of Defendant's promotion and sale of its products and services under the ORBITAL POWER mark;

E. An award of treble damages for all trademark damages assessed;

F. An award of Orbital's actual costs in bringing this action, including reasonable attorney's fees pursuant to 15 U.S.C. § 1117; and

G. Such other equitable or legal relief as this Court deems just and proper under the circumstances.

## JURY DEMAND

Orbital demands a jury trial on all the issues so triable.

Dated: January 22, 2018

                                      Saul Ewing Arnstein & Lehr LLP
                                      Northbridge Centre, Suite 1400
                                      515 North Flagler Drive
                                      West Palm Beach, FL 33401
                                      Telephone:   561-833-9800
                                      Facsimile:    561-655-5551
                                      Email: john.turner@saul.com
                                                    Jared.gillman@saul.com
                                                    linda.dunne@saul.com
                                                    susan.brown@saul.com
                                                    WPB-ctdocs@saul.com

/s/ _____
John A. Turner
Florida Bar No. 000922
Jared S. Gillman
Florida Bar No. 55871

114665298.1